# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

*Katelyn T. Czarnik*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **MONIQUE WHITE-JOHNSON** | : | |
| | : | **CASE NO. CAM-L-002157-22** |
| **PLAINTIFF,** | : | |
| | : | **JURY TRIAL DEMANDED** |
| vs. | : | |
| | : | |
| **PROTECTIVE INSURANCE CO.,** | : | |
| **AND ABC, INC.** | : | |
| | : | |
| **DEFENDANTS** | : | |

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332**

Defendant, Protective Insurance Company, respectfully files this Notice of Removal Pursuant to 28 U.S.C. § 1332 and Jury Demand, and in support thereof, would show unto this Honorable Court the following, to wit:

1. This matter arises out of a motor vehicle accident that occurred on March 19, 2019. Plaintiff's August 19, 2022 Complaint alleges that she sustained personal injuries as a result of the accident. Plaintiff alleges that she submitted a claim against the third-party tortfeasor involved in the accident and that the third-party tortfeasor's insurance carrier tendered its limits of $50,000.00 to Plaintiff. (A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A").

2. Plaintiff alleges that she submitted an underinsured motorist claim to Defendant pursuant to an insurance policy between Defendant and Plaintiff's employer, Barrington Logistics, Inc., by which Plaintiff's employer had underinsured motorist coverage in the amount of $1,000,000.

3. Plaintiff's Complaint presents a claim for Underinsured Motorist Coverage as well as bad faith and fraud claims premised upon the allegation that Defendant has failed to settle Plaintiff's Underinsured Motorist claim.

4. Pursuant to 28 U.S.C. § 1441, *et. seq.*, Defendant hereby removes this action from the Superior Court of New Jersey, Camden County, styled *Monique White-Johnson v. Protective Insurance Company, et. al.*, Case No. CAM-L-002157-22, to the United States District Court for the District of New Jersey.

5. This matter is removable based on the allegations in the Complaint establishing complete diversity of citizenship between all opposing parties as required by 28 U.S.C. § 1332. Specifically, the Complaint alleges:

   a. Plaintiff, Monique White-Johnson, is a resident of Blackwood, New Jersey, and by implication is a citizen of New Jersey; and

   b. Defendant Protective Insurance Company is a business entity organized and existing under the laws of Delaware with a principal place of business in the state of Indiana.

6. Removal is timely. Service of Plaintiff's Complaint upon Defendant was completed on August 26, 2022, and the matter is being removed within 30 days of completion of Service of Process on Defendant.

7. The amount in controversy exceeds the requisite jurisdictional limits for removal. Specifically, the undersigned sought a stipulation from Plaintiff's Counsel providing that Plaintiff's damages are less than $75,000.00. Plaintiff's

Counsel refused to enter into said stipulation based on the assertion that Plaintiff's claims are greater than $75,000.00.

8. Venue is proper. Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the District of New Jersey for purposes of removal because the pending state action was filed within this District.

9. All necessary defendants consent to removal. Defendant, Protective Insurance Company is the only specifically named defendant. The only other remaining defendant, ABC, Inc., is a fictitiously named defendant, a motion to amend to identify such fictitiously named defendant has not been filed and no affidavit of service on ABC, Inc. has been filed. Thus, all necessary and served parties consent to removal of this action to federal court pursuant to 28 U.S.C. § 1446(b) and that such consent is timely pursuant to 28 U.S.C. §§ 1441(b) and 1446(b).

10. In sum, this action is removable to the United Stated District Court for the District of New Jersey pursuant to 28 U.S.C. 1441(a) because there is complete diversity of citizenship between the parties (Plaintiff and Defendant), and Plaintiff seeks damages in excess of the jurisdictional limit of $75,000.00.

11. A copy of all pleadings and orders in the state court action, including Plaintiff's Complaint is filed with this Notice.

12. Defendant, Protective Insurance Company, is contemporarily providing Notice of Removal to the state court in accordance with 28 U.S.C. § 1446(d).

**WHEREFORE**, based on the foregoing Defendant, Protective Insurance Company, hereby removes this action from the Superior Court of New Jersey, Camden County, to the United States District Court for the District of New Jersey.

Respectfully Submitted,

**ZARWIN, BAUM, DeVITO, KAPLAN,
  SCHAER & TODDY, P.C.**

*/s/ Katelyn T. Czarnik*
**THEODORE M. SCHAER, ESQUIRE**
Attorney I.D. No. 029221987
**KATELYN TAYLOR CZARNIK, ESQUIRE**
Attorney I.D. No. 084162013
One Commerce Square
2005 Market Street, 16th Floor
Philadelphia, PA 19103
Phone: 215-569-2800
tmschaer@zarwin.com
ktczarnik@zarwin.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MONIQUE WHITE-JOHNSON** : | |
| : | **CASE NO. CAM-L-002157-22** |
| **PLAINTIFF,** : | |
| : | **JURY TRIAL DEMANDED** |
| vs. : | |
| : | |
| **PROTECTIVE INSURANCE CO.,** : | |
| **AND ABC, INC.** : | |
| : | |
| **DEFENDANTS** : | |

**<u>CERTIFICATE OF SERVICE</u>**

    I HEREBY CERTIFY that on the 23rd day of September, 2022 a copy of the foregoing Notice of Removal and accompanying documents was sent to the following via regular first class mail:

    DASHEVSKY, HORWITZ, KUHN,
NOVELLO & SHORR
Jeffrey Dashevsky, Esquire
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
*Attorneys for Plaintiff*

                              **ZARWIN, BAUM, DeVITO, KAPLAN,
                                 SCHAER & TODDY, P.C.**

                              */s/ Katelyn T. Czarnik*
                              **THEODORE M. SCHAER, ESQUIRE**
                              Attorney I.D. No. 029221987
                              **KATELYN TAYLOR CZARNIK, ESQUIRE**
                              Attorney I.D. No. 084162013
                              One Commerce Square
                              2005 Market Street, 16th Floor
                              Philadelphia, PA 19103
                              Phone: 215-569-2800
                              tmschaer@zarwin.com
                              ktczarnik@zarwin.com

# EXHIBIT "A"

**DASHEVSKY, HORWITZ, KUHN,**
**NOVELLO & SHORR**
By: **JEFFREY L. DASHEVSKY, ESQUIRE**
923 Haddonfield Road, Suite 300
Cherry Hill, New Jersey 08002
Tele: (856) 354-1700; Fax: (856) 216-9554
E-mail: JDashevsky@DashevskyLaw.com

**ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| MONIQUE WHITE-JOHNSON<br><br>　　　　　　　　Plaintiff<br>vs.<br><br>PROTECTIVE INSURANCE COMPANY; and<br>ABC, INC.<br><br>　　　　　　　　Defendants | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>NO.:<br><br>**COMPLAINT - 603** |

Plaintiff, Monique White-Johnson, presently residing at 290 Knoll Drive, Blackwood, New Jersey 08012, by way of Complaint against Defendants, says:

**FIRST COUNT**

1.　Plaintiff, Monique White-Johnson, at the time of the motor vehicle collision was deemed insured, through the course and scope of her employment with Barrington Logistics, Inc., by Defendant, Protective Insurance Company for motor vehicle insurance, under policy number CA 21 14 10 16.

2.　Defendant's aforementioned motor vehicle insurance policy provided for Underinsured Motorist benefits to employees in the amount of $1 million.

3.　On or about March 19, 2019, Plaintiff, Monique White-Johnson, was involved in a motor vehicle collision, while in the course and scope of her employment with her employer, Barrington Logistics, Inc., as a result of which collision she sustained personal injuries, damages and losses. A third-party liability claim was brought against the responsible offending-driver, whose applicable automobile insurance carrier tendered their applicable liability benefit limits in the maximum policy amount of $50,000.00 to Plaintiff, Monique White-Johnson as full and final settlement of her liability claim (including economic damages and non-economic damages claimed).

4.　An Underinsured Motorist benefits claim was presented to the Defendant, Protective

Insurance Company for consent for Plaintiff, Monique White-Johnson to settle her liability claim and confirmation of waiver of the carrier's subrogation rights, and for Underinsured Motorist benefits under the terms and conditions of the Defendant's policy, which defendant insurance carrier has responded to in accordance with Longworth vs. Van Houten, 323 N.J. Super. 174 (1988).

5.  To date, no settlement has been effectuated with the aggrieved Plaintiff for her asserted Underinsured Motorist benefit claim and, therefore, plaintiff demands the resolution of this matter by way of a court of competent jurisdiction in accordance with the provisions set forth in defendant's motor vehicle insurance policy applicable to plaintiff, Plaintiff, Monique White-Johnson's Underinsured Motorist benefits claim.

WHEREFORE, Plaintiff, Monique White-Johnson demands judgment against the Defendant, Protective Insurance Company, for such actual damages, interest, costs of suit, counsel fees and such other relief as this Court deems just and equitable to reasonably and fairly compensate Plaintiff, Monique White-Johnson in accordance with the laws of the State of New Jersey for the motor vehicle accident of March 19, 2019.

## SECOND COUNT

6.  For the sake of brevity, the allegations of the previous Counts are herein repeated and made a part of this Count number two.

7.  Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other motor vehicle insurance companies or other business entities that may be responsible in whole or in part for the compensation of insurance benefits due by reason of the aforesaid March 19, 2019 rear-end collision. For purposes of this complaint, said insurance company and/or business entities have been nominated as "ABC, Inc.".

8.  Pursuant to the Rules of Court for the State of New Jersey, Plaintiff reserves the right to amend this complaint relative to additional Defendant(s), when and if the identity of said individuals or business entities become known.

WHEREFORE, Plaintiff, Monique White-Johnson demands judgment against these Defendants for

damages, interest, costs of suit, attorneys' fees, and such other relief as this Court deems just and equitable.

### THIRD COUNT

9. For the sake of brevity, the allegations of the previous Counts are herein repeated and made a part of this Count number three

10. The conduct of the Defendant, Protective Insurance Company, violated N.J.S.A. 17b:30-13.1(b) by failing to acknowledge and act with reasonable promptness upon communication with respect to the claims arising under the aforesaid insurance policy.

11. The conduct of the Defendant, Protective Insurance Company, violated N.J.S.A. 17b-30-13.1 by not attempting in "good faith" to effectuate prompt, fair and equitable settlements of an Underinsured Motorist benefit claim in which liability is reasonably clear.

12. The conduct of the Defendant, Protective Insurance Company, violated N.J.S.A. 17b:30-13.1(g), compelling their own insured, Monique White-Johnson, to institute litigation to recover amounts due under her insurance policy with Defendant by failing to offer a reasonable and fair amount of Underinsured Motorist benefits to compensate Plaintiff, Monique White-Johnson, for the injuries, damages and losses she sustained as a result of the March 19, 2019 collision.

13. The conduct of the Defendant, Protective Insurance Company, violated N.J.S.A. 17b:30-13.1(h) by attempting to settle a claim for less than the amount which a reasonable person would have believed they were entitled to by reference to written or printed advertising material accompanying or made part of an application for motor vehicle insurance coverage in the State of New Jersey.

14. The conduct of the Defendant, Protective Insurance Company, in addition to amounting to tortuous conduct, amounted to breach of the duty of good faith, fair dealing and fraud and said conduct also amounts to unlawful and unfair business acts or practices calculated to deceive the public requiring their own insured, Plaintiff, Monique White-Johnson, to resort to relief to compel said parties to stop using said unlawful, unfair and fraudulent practices.

15. By the use of said unlawful, unfair and fraudulent acts and practices as herein alleged, Defendant, Protective Insurance Company, have unfairly profited by fraudulent denials of legitimate claims,

in that to the extent they did not pay their own insured, Monique White-Johnson's rightful Underinsured Motorist benefits to which she is entitled, then Defendant is obligated to:

    a.    Disgorge any unlawful profits; and

    b.    To pay the claims they have fraudulently and in bad faith denied their own insured, Plaintiff, Monique White-Johnson.

WHEREFORE, Plaintiff, Monique White-Johnson, demands judgment against the Defendant, Protective Insurance Company:

    a.    For such sums of money as may reasonable and fairly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest and costs of suit;

    b.    For consequential damages in just and reasonable amounts;

    c.    Requiring the disgorgement of such unlawful profits in addition to the restitution to the Plaintiff of the benefits unlawfully and unfairly withheld from her; and

    d.    For such costs, disbursements and fees as the Court deems just and reasonable.

## FOURTH COUNT (Consumer Fraud)

16. For the sake of brevity, the allegations of the previous Counts are herein repeated and made a part of this Count number four.

17. The New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 (The Act) apprized to the administration of Underinsured Motorist benefits of companies in implementing their policy of insurance.

18. Plaintiff, Monique White-Johnson, is a member of the public to whom services or products have been offered for sale as defined by N.J.S.A. 56:8-1(c).

19. Plaintiff, Monique White-Johnson is a consumer as contemplated by the Act.

20. Defendant, Protective Insurance Company, are "persons" as defined by N.J.S.A. 56:8-1(d).

21. Defendant, Protective Insurance Company are natural persons, the meaning of person and persons as described in 56:8-1(d).

22. The conduct of Defendant, Protective Insurance Company, is a direct violation of one or

more administrative code sections and, therefore, a per se violation of N.J.S.A. 56:8-1 *et seq.*, as illustrated in <u>Cox v. Sears, et al</u>.

23. The service of providing insurance coverage to Plaintiff is a consumer service within the meaning of N.J.S.A. 56:8-1 *et seq*. The following constitutes "[t]he Act, use of employment by any person of [an] unconscionable commercial practice, deception or fraud as defined in the Act", in plaintiff, Monique White-Johnson's case, employing an inappropriate standard to deny his Underinsured Motorist benefits claim or reasonably and fairly adjust her Underinsured Motorist benefits claim.

24. Denying or failing to reasonably and firmly adjust Plaintiff, Monique White-Johnson's Underinsured Motorist benefits claim without any medical basis to do so.

25. As a result, Plaintiff, Monique White-Johnson, has been damaged.

WHEREFORE, Plaintiff, Monique White-Johnson, demands judgment against the Defendant, Protective Insurance Company, for:

    a) Non-Economic and Economic Damages;

    b) Treble damages under N.J.S.A. 56:8-19;

    c) Attorneys fees and reasonable costs of suit;

    d) Filing fees;

    e) Such other relief as may be deemed just and proper by the Court.

### FIFTH COUNT

26. For the sake of brevity, the allegations of the previous Counts are herein repeated and made a part of this Count number five.

27. Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals or business entities that may be responsible in whole or in part for the causation of the aforesaid accident. For purposes of this complaint, said individuals and business entities have been nominated as ABC, Inc.

29. Pursuant to the Rules of Court for the State of New Jersey, Plaintiff reserves the right to amend this complaint relative to additional Defendants, when and if the identity of said individuals or

business entities become known.

WHEREFORE, Plaintiff, Monique White-Johnson demands judgment against these Defendants for damages, interest, costs of suit, attorneys' fees, and such other relief as this Court deems just and equitable.

### DEMAND FOR DISCOVERY OF INSURANCE

Demand is hereby made upon all parties to this action pursuant to Rule 4:10-2(b) for discovery of any and all policies of casualty (ie. "Liability") insurance benefits covering Defendant for the loss complained of herein on the date of accident, within thirty (30) days from the date of service of this complaint, and further to confirm the applicability of any available "Med-Pay" benefits coverage under any applicable insurance policies and the benefit limits thereof and applicable time limitations for submission of proofs, for prompt payment or reimbursement of healthcare professionals' charges incurred in the treatment and care of plaintiff for those injuries causally-related to their above-referenced accident.

### DEMAND FOR ANSWERS TO NEW JERSEY UNIFORM INTERROGATORY FORMS

Plaintiff hereby demands that Defendant answer Form C and Form C(1) Uniform Interrogatories as well as Notice of Production of Documents, as contained in Appendix II of the New Jersey Rules of Court (*effective 09/01/2020*) in lieu of separate service of the Interrogatory forms, and Notice to Produce Documents, Items and Things themselves, pursuant to Rule 4:17-1(b)(ii).

### NOTICE IN LIEU OF SUBPOENA

Pursuant to R:1:9-1, Plaintiff hereby demands the appearance of each and every named Defendant for the purpose of giving testimony in above referenced action at the time of trial.

### NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4(c)

TAKE NOTICE, that the undersigned attorney, counsel for the Plaintiff does hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c) that each party herein serving pleadings, Interrogatories and Notice to Produce Documents and receiving answers and/or responses thereto, serve copies of all such pleadings, answered interrogatories and document production received from any party upon the undersigned attorney and TAKE NOTICE that this is a continuing demand.

## DEMAND FOR DISCLOSURE OF NON-PARTIES PURSUANT TO R.4:5-1(b)(2)

TAKE NOTICE, that plaintiffs hereby demand strict compliance with R. 4:5-1(b)(2), which requires that "each party shall disclose in the Certification the names of any non-party who *should* be joined in this action pursuant to R. 4:28, or who is subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts". (Emphasis added)

Plaintiffs hereby demand that Defendant review all available records, undertake reasonable investigation and determine the identity of any other individuals or entities who *should* be joined in this action pursuant to R. 4:5-1(b)(2). The failure to identify such non-parties pursuant to this Rule will result in the application for sanctions as well as for expenses incurred in connection with the discovery of individuals who should have been identified pursuant to this applicable Rule of Law.

## NOTICE PURSUANT TO RULE 1:71

TAKE NOTICE, that the undersigned attorney, counsel for Plaintiff, intends to proceed at Arbitration and/or Trial in accordance with Rule 1:7-1 and suggest to the trier of fact, with respect to any element of damages, that unliquidated damages be calculated on a "Time-Unit" basis.

## DESIGNATION OF TRIAL COUNSEL

TAKE NOTICE that Jeffrey L. Dashevsky, Esquire, is hereby designated as trial counsel in the above-captioned litigation for the firm of Dashevsky, Horwitz, Kuhn, Novello & Shorr, pursuant to Rule 4:25-4.

## CERTIFICATION UNDER RULE 4:5-1

Pursuant to New Jersey Court Rule 4:5-1, I, Jeffrey L. Dashevsky, Esquire, hereby certifies that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any court, nor the subject of any Arbitration proceeding and that no such other action or Arbitration is contemplated.

I certify that the foregoing statements made by me are true and correct to the best of my knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, that I may be subject to punishment.

## JURY DEMAND

Plaintiff hereby demands a Jury Trial as to all issues herein.

DASHEVSKY, HORWITZ, KUHN
NOVELLO & SHORR

BY: _____
JEFFREY L. DASHEVSKY, ESQUIRE
Attorney for Plaintiff

Attorney(s): Dashevsky, Horwitz, Kuhn, Novello and Shorr

Office Address & Tel.No.: 923 Haddonfield Road, Suite 300, Cherry Hill, NJ 08002

(856) 354-1700

Attorney(s) for Plaintiff

Monique White-Johnson

                            Plaintiff(s)

vs.

Protective Insurance Company and ABC, Inc.

                            Defendant(s)

SUPERIOR COURT OF NEW JERSEY
CAMDEN COUNTY DIVISION

DOCKET NO.

CIVIL ACTION

CERTIFICATION IN LIEU OF OATH OR AFFIDAVIT

I certify that the foregoing statements made by me in the annexed Civil Action Complaint are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated: August 19, 2022

X _____
Monique White-Johnson

Case 1:22-cv-05688-KMW-AMD    Document 1    Filed 09/23/22    Page 18 of 20 PageID: 18

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-002157-22

**Case Caption:** WHITE-JOHNSON MONIQUE VS PROTECTIVE INSURANCE C
**Case Initiation Date:** 08/19/2022
**Attorney Name:** JEFFREY LEE DASHEVSKY
**Firm Name:** DASHEVSKY HORWITZ KUHN, NOVELLO & SHORR
**Address:** 923 HADDONFIELD RD STE 300 CHERRY HILL NJ 08002
**Phone:** 8562169554
**Name of Party:** PLAINTIFF : White-Johnson, Monique
**Name of Defendant's Primary Insurance Company (if known):** Protective Insurance Company

**Case Type:** UM OR UIM CLAIM (INCLUDES BODILY INJURY)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Monique White-Johnson?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
     **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/19/2022                                                           /s/ JEFFREY LEE DASHEVSKY
Dated                                                                                    Signed